**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICIA JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL NO. 03-594-PMF** |
| **JO ANNE B. BARNHART, Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, Patricia Johnson, seeks judicial review of a final decision of the Commissioner of Social Security denying her November, 2001, application for supplemental security income. This application was rejected following an administrative determination that Johnson was not disabled. The decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ). Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 416.920. The Commissioner

must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

At the time of the ALJ's decision, plaintiff was 52 years old. She has a high school education, one year of college, and relevant work experience as a kitchen cleaner. The ALJ evaluated plaintiff's application through Step 5 of the sequential analysis and concluded that plaintiff had several medically determinable disorders; some of which (carpal tunnel syndrome, fibromyalgia, and a surgically corrected tibia fracture) were "severe" in the sense that they significantly interfered with Johnson's ability to perform basic work activities but did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that plaintiff had non-severe hypertension and depression/anxiety. Despite her impairments, plaintiff retained the ability to perform a restricted range of light work. Specifically, she could lift and carry items weighing up to 10 pounds frequently and items weighing up to 20 pounds occasionally. She needed the option of sitting or standing at work and needed to avoid frequent use of stairways. She could use her hands for gross manipulation, fine manipulation, handling, and reaching but should avoid overhead reaching. She could push or pull with her arms or legs within the limits of her lifting restrictions. She needed to avoid extreme cold temperatures and could only occasionally climb, balance, stoop, kneel, crouch, or crawl. Although plaintiff was unable to return to her former occupation as a kitchen cleaner, she was not disabled because she could perform a significant

number of assembly, production/inspection, packaging, hotel clerk, and surveillance monitor jobs (R. 16-25).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

## I. Evaluation of Carpal Tunnel Syndrome.

Plaintiff seeks remand for further proceedings, claiming that the ALJ failed to report a logical evaluation of evidence regarding carpal tunnel syndrome. She notes that the ALJ determined that this disorder is a "severe" impairment but also determined that she retained the ability to perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling or reaching. She claims these findings are illogical because the ALJ did not attribute any limitation to her severe carpal tunnel syndrome (Doc. No. 10, pp. 4-6). In support of her position, plaintiff points to a consultive physician's findings and impression that she had bilateral carpal tunnel syndrome; treatment records showing her complaints of symptoms of tingling, numbness, and weakness in her fingers and thumbs; Dr. Bancroft's opinions regarding her functional capacity; and

a vocational expert's opinion that she would not be a productive competitive employee if Dr. Bancroft's assessments were accepted as accurate (R. 59-60, 256-57, 262, 266, 271-74, 283). Defendant argues that the ALJ's assessment of plaintiff's ability to perform gross and fine manipulation with handling or reaching is logically supported by medical opinions from state agency doctors and Dr. Leung as well as plaintiff's lengthy, detailed, hand-written responses to questionnaires (Doc. No. 12, p. 7).

Plaintiff correctly points out that ALJs must do more than reach a decision that is supported by substantial evidence. They must also build a bridge of logic connecting the evidence to the conclusions that support their decisions. *Groves v. Apfel*,148 F.3d 809,  811 (7th Cir. 1998).

The ALJ found that plaintiff's carpal tunnel disorder was severe after recognizing that a severe disorder is one that significantly limits an individual's physical or mental ability to do basic work activities (R. 20). The ALJ also assessed plaintiff's residual functional capacity, finding that she could perform only a limited range of light work. Specifically, she could frequently lift and carry items weighing up to 10 pounds and occasionally lift and carry items weighing up to 20 pounds. She could use her hands for gross manipulation, fine manipulation, handling and reaching but needed to avoid overhead reaching and could only use her hands and arms to push and pull items within her lifting restrictions. The ALJ considered relevant evidence, including plaintiff's subjective complaints, in making his assessment (R. 22, 24).

The Court is not persuaded that the ALJ's sequential findings are unsupported by logic. First, the evidence plaintiff relies on does not detract from the validity of the ALJ's findings. Dr. Leung's clinical findings show that plaintiff has a full range of motion in her wrists and can fully extend her hand, make a fist, and oppose her fingers. Her fine finger movements are intact, and she has good grip strength and good upper extremity strength (R. 257-58). Neither Dr. McClellan nor

Dr. Bancroft diagnosed carpal tunnel syndrome or suggested that the syndrome restricted plaintiff's ability to function (R. 266-69, 270, 282, 283). Moreover, a severe impairment is one that significantly limits a persons ability to perform basic work activities, including lifting, pushing, pulling, handling, and reaching. 20 C.F.R. § 416.921. Residual functional capacity is the most a person can still do despite his or her limitations. 20 C.F.R. § 416.945. The ALJ's finding that plaintiff's carpal tunnel syndrome was a severe impairment is logically consistent with his subsequent finding that, while her ability to use her arms and hands to lift, carry, push, and pull items was restricted, she could use her hands for gross manipulation, fine manipulation, handling, and some types of reaching.

**II. Evaluation of Treating Doctors' Opinions**.

Plaintiff also argues that the ALJ erred in evaluating the weight given to Dr. Julia Bancroft's opinions regarding functional restrictions. Defendant argues that the ALJ properly discounted these opinions.

Dr. Bancroft began treating plaintiff on November 12, 2001. On January 31, 2002, after three visits and a consultation with Dr. Sawar, she completed a report stating that plaintiff's chief complaints were fibromyalgia and hypertension. She estimated that plaintiff had full capacity for sitting; up to 20% reduced capacity in standing; 20 to 50% reduced capacity in walking, pushing, pulling, bending, and performing daily living activities; and more than 50% reduced capacity in stooping, turning, and climbing. She also estimated that plaintiff could lift no more than 10 pounds at a time and that her abilities to concentrate, persist, and keep pace were markedly impaired (R. 289-294). In November, 2002, Dr. Bancroft reported that plaintiff was suffering from fibromyalgia, hyptertension, and depression. She did not think plaintiff could work an eight-hour day five days per week and said that plaintiff could lift and carry up to 10 pounds, sit for one hour at a time, and

stand for 45 minutes at a time but could not perform postural activities, push, pull, perform gross or fine manipulation, or be involved in activities exposing her to environmental conditions (R. 270-74).   A treating physician's opinion regarding the nature and severity of a medical condition should be accorded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); 20 C.F.R. § 416.927(d)(2); SSR 96-2p. ALJs must articulate the grounds for their findings - supported by evidence in the record - so the decision may be reviewed.  *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); SSR 96-2p.  An ALJ may discount a medical opinion that is internally inconsistent as long as there is minimal articulation of reasons for rejecting the evidence.  *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000).

The ALJ articulated two grounds for discrediting Dr. Bancroft's medical opinions.  First, he found that her assessments were "out of proportion to the objective evidence . . . ."  Plaintiff maintains that this explanation is not valid because Dr. Bancroft's opinions are based on symptoms of fibromyalgia, which are not normally demonstrated through objective evidence.  She points out that Dr. Bancroft did not express her first opinion until she consulted Dr. Sawar and confirmed her diagnosis.  Defendant suggests that the ALJ's rationale is valid because fibromyalgia is not always disabling.

The ALJ stated that Dr. Bancroft's initial opinions were not supported by a record of severe symptoms in her progress notes from the first three visits.  Fibromyalgia is a "common, but elusive and mysterious" disease frequently undetectable by laboratory tests. *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir.1996).  Doctors diagnose the disease by locating at least 11 tender spots from 18 fixed locations throughout the body.  *Id*.  Dr. Bancroft's treatment records between November, 2001, and

January, 2002, show that she detected some pitting edema in plaintiff's lower extremities during one clinical examination and confirmed her diagnosis of fibromyalgia through Dr. Sawar, who performed "lab work and testing" (R. 264, 289). Her progress notes do not include any other findings or signs or symptoms that support her initial, rather detailed assessment of plaintiff's restrictions. Under these circumstances, the ALJ rationally declined to give Dr. Bancroft's January, 2002, opinions controlling weight.

The ALJ's concerns regarding insufficient objective support do not explain why the ALJ rejected the opinions Dr. Bancroft offered in November, 2002. Those opinions appear to be based on objective findings of trigger points, as well as specific subjective complaints and efforts to treat plaintiff's symptoms (R. 282-85). The other rationale offered by the ALJ is that Dr. Bancroft based her opinions on plaintiff's subjective complaints. To support this finding, the ALJ referred to plaintiff's request for a medical card, which appears to have no relation to Dr. Bancroft's November, 2002, opinions (R. 289). While defendant suggests that Dr. Bancroft's opinions conflict with those offered by state agency physicians, the ALJ did not reject Dr. Bancroft's opinions on this basis. Because Dr. Bancroft's November, 2002, opinions would support a finding of disability and because the ALJ did not articulate a valid rationale for rejecting those opinions, this action will be remanded for further proceedings. However, because Dr. Bancroft's November, 2002, opinion does not detract from the ALJ's finding that plaintiff was not disabled between June 18, 1996, and June 23, 2000, that aspect of the ALJ's decision will be affirmed.

### III.  Assessment of Residual Functional Capacity.

Plaintiff challenges the ALJ's assessment of residual functional capacity, claiming that the ALJ "played doctor" by rejecting evidence that plaintiff suffered knee and neck impairments.

Defendant contends that the ALJ properly evaluated these conditions.

ALJs must not succumb to the temptation to play doctor and make their own independent medical findings. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

In January, 2002, Dr. Sawar made clinical findings and reviewed laboratory reports. He diagnosed osteoarthritis of the knees and cervical disc degenerative disease (R. 262). The ALJ did not identify these ailments as medically determinable impairments (R. 20). It appears that the ALJ declined to recognize the ailments as impairments because Dr. Sawar did not base his diagnoses on imaging studies (R. 19).

An "impairment" must result from abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence consisting of signs, symptoms, or laboratory findings. 20 C.F.R. § 404.1508; Soc. Sec. Ruling 96-4. Because Dr. Sawar based his assessment on clinical and laboratory findings and because the ALJ relied on no medical evidence suggesting that Dr. Sawar's clinical findings and laboratory reports are insufficient to support his assessment, the ALJ erred in concluding that plaintiff's osteoarthritis of the knees and cervical disc degenerative disease were not medically determinable impairments (R. 262). However, because plaintiff does not point to evidence demonstrating that these impairments would prevent her from performing the assembly, production/inspection, packaging, hotel clerk, and surveillance monitor jobs identified by the vocational expert, the Court finds that the error does not significantly detract from the validity of the ALJ's decision.

### IV. Assessment of Plaintiff's Credibility.

Plaintiff challenges the ALJ's credibility assessment as patently wrong, claiming that the rationale offered in support of the assessment is based on speculation rather than evidence or logic.

Defendant does not respond to this argument.

When a plaintiff challenges an administrative decision, the defendant is required to specifically address plaintiff's arguments. SDIL-LR 9.1(d). Because the defendant neglected to address this argument for remand, any opposition is deemed waived.

## V. Conclusion.

The Commissioner's final decision regarding Patricia Johnson's application for supplemental security income is AFFIRMED in part and REVERSED in part. The decision that plaintiff was not disabled between June 18, 1996, and June 23, 2000, is supported by substantial evidence and is not affected by the legal errors identified in this decision. That portion of the ALJ's decision is AFFIRMED.

The decision that plaintiff was not disabled after June 23, 2000, is REVERSED and this action is REMANDED for further proceedings. On remand, the ALJ shall reevaluate medical opinion evidence in accordance with 20 C.F.R. § 416.927(d)(2) and reevaluate the credibility of plaintiff's testimony. Judgment shall enter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED:**

**DATED: June 9, 2005.**

*s/ Philip M. Frazier*
**HON. PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**